UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff | FLSA COLLECTIVE ACTION COMPLAINT UNDER |
| vs. | 29 USC § 216(b) |
| THE MAJESTIC STAR CASINO, LLC, d/b/a HARD ROCK CASINO NORTHERN INDIANA, HRNI HOLDINGS, LLC, d/b/a HARD ROCK CASINO NORTHERN INDIANA, HARD ROCK NORTHERN INDIANA, LLC, HARD ROCK GARY MANAGER, LLC And HARD ROCK GARY, LLC | CASE NO. 2:22-cv-00198 |
| Defendant | |

***PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

*I. INTRODUCTION*

1. Plaintiff Francisco Rodriguez ("Rodriguez" or "Plaintiff") brings this combined Rule 23 class action and Fair Labor Standards Act collective action lawsuit against Defendants The Majestic Star Casino, LLC d/b/a Hard Rock Casino Northern Indiana, HRNI Holdings, LLC d/b/a Hard Rock Casino Northern Indiana, Hard Rock Northern Indiana, LLC, Hard Rock Gary Manager, LLC, and Hard Rock Gary, LLC, (collectively "Defendants") to address class-wide wage and hour and overtime violations committed by Defendants against him and his fellow employees who work or worked for Defendants at their Gary, Indiana casino. Rodriguez will serve as the representative plaintiff in the Rule 23 class action and Fair Labor Standards Act collective action.

1

2. Rodriguez and all other similarly situated employees work or worked at Defendants' casino located in Gary, Indiana.

3. Pursuant to their casino-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime premium for all hours worked over forty (40) in a single workweek.

4. First, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate employees properly for all time worked, resulting in minimum wage and overtime violations. Second, Defendants failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage and, as a result, Defendants may not claim a tip credit. Third, Defendants required its employees to participate in an unlawful tip-pool wherein these employees' tips were unlawfully distributed to management and supervisors.

5. Defendants' systematic violation of federal and state wage laws was willful and in bad faith.

6. Rodriguez, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum and overtime wages owed to Rodriguez and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq*.

7. Rodriguez class action and FLSA collective action claims based upon Defendants' class-wide failure to pay employees for obvious and recorded work hours will be perfect for class and collective action treatment and will be easy to prove. Defendants' wage and

hour violations will be shown based upon a comparison of their time clock records and the face of pay stubs Defendants issue to their employees.

## *II. PARTIES*

8. Rodriguez is an individual who resides in Lake County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Rodriguez was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Rodriguez is employed by Defendants at their casino located at 5900 West 29th Avenue, Gary, Indiana. During his employment, Rodriguez has worked as a table games dealer, which is a tipped, hourly, non-exempt position. Rodriguez began working for Defendants on or around May 9, 2019.

10. Defendants own and operate the casino property located at 5900 West 29th Avenue, Gary, Indiana.

11. The Majestic Star Casino, LLC doing business as Hard Rock Casino Northern Indiana (hereinafter "Majestic Star") is an Indiana domestic limited liability company doing business in Lake County, Indiana. At all relevant times, Majestic Star was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Majestic Star is Rodriguez's "employer" as that term is described under I.C. 22-2-5-1, *et seq*. Majestic Star is a "joint employer" of Rodriguez as that term is defined under the FLSA and the Indiana Wage Claims Statute.

12. HRNI Holdings, LLC doing business as Hard Rock Casino Northern Indiana (hereinafter "HRNI") is a Delaware limited liability company doing business in Lake County, Indiana. At all relevant times, HRNI was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). HRNI is Rodriguez's "employer" as that term is described under I.C. 22-2-5-1,

*et seq.* HRNI is a "joint employer" of Rodriguez as that term is defined under the FLSA and the Indiana Wage Claims Statute.

13. Hard Rock Northern Indiana, LLC doing business as Hard Rock Casino (hereinafter "Hard Rock Northern Indiana") is an Indiana domestic limited liability company doing business in Lake County, Indiana. At all relevant times, Hard Rock Northern Indiana was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Hard Rock Northern Indiana is Rodriguez's "employer" as that term is described under I.C. 22-2-5-1, *et seq.* HRNI is a "joint employer" of Rodriguez as that term is defined under the FLSA and the Indiana Wage Claims Statute.

14. Hard Rock Gary Manager, LLC (hereinafter "HRGM") is a Florida limited liability company doing business in Lake County, Indiana. At all relevant times, HRGM was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). HRGM is Rodriguez's "employer" as that term is described under I.C. 22-2-5-1, *et seq.* HRGM is a "joint employer" of Rodriguez as that term is defined under the FLSA and the Indiana Wage Claims Statute.

15. Hard Rock Gary, LLC (hereinafter "HRG") is a Florida limited liability company doing business in Lake County, Indiana. At all relevant times, HRG was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). HRG is Rodriguez's "employer" as that term is described under I.C. 22-2-5-1, *et seq.* HRG is a "joint employer" of Rodriguez as that term is defined under the FLSA and the Indiana Wage Claims Statute.

16. At all relevant times, Defendants were employers of Rodriguez, and all other similarly situated employees.

17. Rodriguez and all similarly situated employees are non-exempt, hourly employees who worked or worked for Defendants within the respective limitations periods.

### III. JURISDICTION

18. This Court has jurisdiction over Hard Rock because Rodriguez brings claims arising under federal law. This Court has supplemental jurisdiction over Rodriguez's Indiana state law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE

19. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

### V. FLSA COVERAGE

20. At all times hereinafter mentioned, Hard Rock has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, Hard Rock has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

22. At all times hereinafter mentioned, Rodriguez was an employee engaged in commerce or in the production of goods for commerce.

### VI. FACTUAL ALLEGATIONS

#### *Unlawful Rounding Violations*

23. Rodriguez re-alleges the allegations set forth above.

24. Defendants utilize a computerized system which tracks the exact time (by the

minute) an hourly employee clocks in and clocks out of work.

25. Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds to the closest 15-minute interval.

26. For example, an employee who clocks in between 5:53 a.m. and 6:07 a.m. will be treated by Defendants' payroll computations as having clocked in at 6:00 a.m.

27. Defendants utilize the same rounding system for clock outs.

28. For example, an employee who clocks out between 2:08 p.m. and 2:22 p.m. will be treated by Defendants' payroll computations as having clocked out at 2:15 p.m.

29. Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants not their employees as Defendants utilize the same rounding system when an employee clocks in or out.

30. However, Defendants utilize an attendance and/or disciplinary policy to alter the seeming neutral rounding system in a manner which transforms Defendants' rounding system into a system that is substantially rigged in Defendants' favor. As a result, Rodriguez and similarly situated employees are not able to benefit from Defendants' rounding system; instead, the rounding system results over a period of time, in the failure to pay Rodriguez and similarly situated employees for all hours worked.

31. To provide an actual example from Rodriguez hours worked and hours paid, for the payroll period running from June 20, 2022 to June 26, 2022, Rodriguez clocked the following times:

    a. June 25, 2022: 5:56 a.m. – 2:04 p.m. equaling 8 hours and 8 minutes; and

    b. June 26, 2022: 5:53 a.m. – 2:05 p.m. equaling 8 hours and 12 minutes.

Despite recording 16 hours and 20 minutes of compensable hours worked that week, Rodriguez was only paid for 16 total hours of work.

32. Pursuant to Defendants' policies, Rodriguez and all similarly situated employees are required to clock in and commence work approximately 7 minutes before the start of their shift.

33. Pursuant to Defendants' policies, Rodriguez and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

34. Pursuant to Defendant's policies, Rodriguez and all similarly situated employees are required to clock out no more than 7 minutes after the end of their shift.

35. Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their attendance and disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the compensable time Defendants pay their employees.

36. Rodriguez and all similarly situated employees do not typically leave work early; instead they routinely leave work and clock out between the end of their shift and 7 minutes thereafter. This makes sense because it is solely Defendant's decision as to when Rodriguez and all similarly situated employees are permitted to leave their workstations. Because of this, Rodriguez and all similarly situated employees are unable to take advantage of the rounding system because they cannot decide to leave prior to the conclusion of their shift.

37. Accordingly, at the end of an employee's shift, Defendants' rouding system is rigged in favor of Defendants because the rounding which occurs at the end of their shift decreases the amount of compensable time for which Defendants pay their employees.

38. In sum, Defendants' time-clock rounding policy, procedure, and practice is used

in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time they have actually worked, including overtime wages.

39. Defendant has no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least one-minute accuracy. Defendants have complete knowledge of all hours worked by Rodriguez and all similarly situated employees.

40. Defendants' failure to pay this unpaid time has resulted in Rodriguez and all similarly situated employees being regularly denied proper compensation under the FLSA and Indiana state law.

41. Rodriguez and all similarly situated employees, in conformance with Defendants' clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

42. Throughout Rodriguez's employment as a table games dealer, he was paid a subminimum direct cash wage for his hours worked. Thus, during each workweek in which Defendants did not pay him for all hours worked due to its time-clock rounding policy, Rodriguez's regular rate fell below the requisite federal minimum wage ($7.25/hour). Because the amount Rodriguez was paid during each of those workweeks divided by the number of hours he actually worked resulted in an amount less than the statutory requirement, Defendants violated the federal minimum wage requirements.

43. During those workweeks and others, Defendants' time-clock rounding policy caused Rodriguez and all similarly situated employees' wages to fall below the requisite federal minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours over 40 in a single workweek). For example, Rodriguez worked forty (40) or more

hours in certain workweeks and thus, any unpaid time consists of unpaid overtime.

### *Tip Credit Violation and Tip Violation*

44. An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

45. Rodriguez worked as a tipped table games dealer and was paid an hourly rate less than the full applicable federal minimum wage.

46. Among the many practices that Defendants utilize to deny Rodriguez and all similarly situated employees their earned wages include failing to inform tipped employees of the provisions of the tip-credit subsection of the FLSA and requiring tipped table games dealers to participate in unlawful tip pooling whereby tipped employees are required to share their tips with management and supervisors.

47. As Defendants have failed to properly inform Rodriguez and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated federal law by failing and refusing to pay all minimum wages due and owing.

48. Additionally, by requiring Rodriguez and other similarly situated tipped employees to share their tips with management and supervisors, Defendants have unlawfully retained these employees' earned tips.

## VII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

49. Rodriguez re-alleges the allegations set forth above.

50. Plaintiff brings Count I, the FLSA claim arising out of Defendants' unlawful time-clock rounding policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

**FLSA Time-Clock Rounding Collective**

All persons employed by Defendants in an hourly position during the relevant period.

At present, the relevant time period includes the three-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

51. Rodriguez brings Count II, the FLSA claim arising out of Defendants' unlawful tip-credit policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

**FLSA Unlawful Tip Credit Collective**

All persons employed by Defendants during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the three-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

52. Rodriguez brings Count III, the FLSA claim arising out of Defendants' unlawful tip sharing policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of

himself and the following collective action class:

### FLSA Unlawful Tip Withholding Collective

All persons employed by Defendants during the relevant time period and who were required to share tips with management and/or supervisors.

At present, the relevant time period includes the three-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

53. Rodriguez brings Count IV, the Indiana Wage Payment Statute ("IWPS") claim arising out of Defendants unlawful time-clock rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

### IWPS Unpaid Wage Class

All persons employed by Defendants in an hourly position during the relevant time period.

At present, the relevant time period includes the two-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

54. Rodriguez brings Count V, the IWPS claim arising out of Defendants' unlawful tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

### IWPS Unlawful Tip Credit Class

All persons employed by Defendants during the relevant period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the two-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

55. Rodriguez brings Count VI, the IWPS claim arising out of Defendants' unlawful tip sharing policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**IWPS Unlawful Tip Withholding Class**

> All persons employed by Defendants during the relevant period and who were required to share tips with management and/or supervisors.

At present, the relevant time period includes the two-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

56. Rodriguez brings Count VII, the IWPS claim arising out of Defendants' unlawful rouding policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**IWPS Unpaid Overtime Class**

> All persons employed by Defendants and paid a direct cash wage of less than $7.25 per hour who worked more than 40 hours in any workweek during the relevant period.

At present, the relevant time period includes the two-year period prior to the filing of this Class and Collective Action Complaint and extends forward. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery,

agreement of the parties, and/or Order of the Court.

57. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Rodriguez and all current and former employees who were damaged by Defendants' compensation policies as described above. By virtue of the "collective action," Rodriguez represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances. Rodriguez anticipates that other employees and former employees of Defendants will opt in to the action.

58. With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Rodriguez will serve as class representative over th proposed classes described above.

59. Based upon information and belief, the number of potential class members is believed to be more than several hundred individuals, however, the actual number of Defendants' current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Rodriguez will pursue discovery to obtain the names of the other current and former employees of Defendants, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

60. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

61. Rodriguez's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Defendants' illegal wage practices. Rodriguez's claims are typical of the claims of the whole class of current and former hourly-paid

and/or tipped employees harmed by Defendants' illegal wage practices.

62. Rodriguez will act to fairly and adequately protect the interests of the entire collective group of current and former employees of Defendants. Rodriguez will act to fairly and adequately protect the interests of the Rule 23 classes of current and former employees who work or worked at Defendants' casino in Gary, Indiana.

63. A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Defendants. For example, to prove Defendants' illegal wage practices, Rodriguez and other members of these collective groups/classes would seek in discovery records about all similarly situated current and former hourly paid and/or tipped employees who were similarly denied earned wages and overtime compensation under Defendants' compensation system which resulted in uncompensated work and underpayment of overtime wages. Individual lawsuits by the members of the collective groups/classes could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

64. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

65. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured. Because Defendants' compensation system which required and resulted in uncompensated work and underpaid overtime wages to hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## VIII. STATEMENT OF CLAIMS

### A. Fair Labor Standards Act Claims (Counts I – III)

66. Rodriguez incorporates herein by reference paragraphs 1 through 65 above.

67. Defendants' violated Rodriguez's rights and the rights of all members of the Plaintiff Classes to be properly paid minimum and overtime wages in a manner required by the FLSA. Defendants have committed overtime violations by failing to pay Rodriguez and his similarly situated coworkers for all regular and overtime hours of work.

68. Defendants have repeatedly violated the FLSA's minimum wage and overtime provisions by not paying Rodriguez and members of the Plaintiff Classes for all hours and at the required minimum rate and overtime compensation rate for all hours worked over 40 in a work week.

69. Defendants' failure to comply with the FLSA's provisions regarding minimum wage and overtime compensation is willful and without justification, and subjects Defendants to a three-year statute of limitations.

70. Rodriguez and the Plaintiff Classes seek all available damages, including unpaid wages, unpaid overtime compensation, unlawfully withheld tips, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Defendants' violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims (Counts IV, V, VI, VII)

71. Rodriguez incorporates herein by reference paragraphs 1 through 70 above.

72. Rodriguez has statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Rodriguez is the named Plaintiff who represents the same or similar interests of all current and former hourly-paid employees at Defendants at their Gary, Indiana casino and all of Defendants current and former tipped employees.

73. By way of his Claims, Rodriguez is seeking, individually and on behalf of members of the Plaintiff Classes, all available damages, including all unpaid wages, all underpaid wages, all unlawfully withheld tips, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Rodriguez and his fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Rodriguez is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, unpaid overtime wages, unlawfully withheld tips, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Rodriguez further expressly asserts and alleges that Defendants acted in bad faith, and certainly were not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith."

### IX. PRAYER FOR RELIEF

WHEREFORE, Rodriguez respectfully requests that the Court enter judgment against

Defendants and issue all available relief to him and to all eligible members of the Plaintiff Classes, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum and overtime wages, withheld tips, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, unpaid overtime wages, withheld tips, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All unpaid and underpaid wages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

Attorneys for Plaintiff