UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FRANCISO RODRIGUEZ, individually and on behalf of others similarly situated, Plaintiff, v. THE MAJSETIC STAR CASINO, LLC, d/b/a HARD ROCK CASION NORTHERN INDIANA, *et al*., Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CAUSE NO.: 2:22-CV-198-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 42], filed by Plaintiff on March 15, 2023, and Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses [DE 45], filed April 5, 2023. Defendants included their arguments in response to the motion to strike with its brief in support of their motion to amend. Plaintiff filed a reply in support of his motion to strike on April 12, 2023, and a response to the motion to amend on April 19, 2023. On April 26, 2023, Defendants filed a reply in support of their motion to amend.

**I.      Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted

1

unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the Court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

**II.    Analysis**

On July 19, 2022, Plaintiff filed his Complaint for himself and putatively on behalf of other dealers of table games at the Hard Rock Casino in Gary, Indiana, for alleged violations of federal and state laws governing minimum wage, overtime, and the handling of tip income. On November 30, 2022, the Court held a preliminary pretrial conference and entered a scheduling order, including

2

setting a deadline of February 15, 2023, for the parties to seek leave to amend the pleadings. Defendants' motion to dismiss was denied on February 1, 2023, and its Answer and Affirmative Defenses were filed on February 22, 2023. The instant motion to amend was filed on April 5, 2023.

A. Timeliness

When a party moves to amend after the deadline set in a Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted).

Although Defendants' motion to amend was filed after the deadline expired, the deadline expired only a few days after a ruling was issued on Defendants' motion to dismiss and before Defendants had filed even their first Answer. In addition, it was filed in response to Plaintiff's motion pointing out alleged deficiencies. Plaintiff does not argue that the motion as a whole is untimely, but object to the proposed amendments that were not addressed in Plaintiff's motion to strike. Despite the additions of information not specifically targeted by Plaintiff, the Court finds that Defendants acted with diligence and had good cause for filing the request to amend after the deadline and will not deny the motion or permit amendment of the affirmative defenses on that basis.

B. Affirmative Defenses

Plaintiff argues that Defendants' current affirmative defenses should be stricken because they are bare conclusory allegations without supporting facts and that permitting Defendants to amend

3

their affirmative defenses would be futile since the deficiencies are not cured by the proposed amendments.

Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)).

Plaintiff argues that all of Defendants' initial affirmative defenses are bare bones conclusory allegations omitting any facts or the necessary elements of the claims. Defendants argue that their affirmative defenses are sufficient to put Plaintiff on notice of their claims, which is all they must do.

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims." *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). Although it need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id*.

4

at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Mgmt., LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because they were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.").

The Court turns to each of the original and proposed affirmative defenses in turn.

1. *First Affirmative Defense*

"The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted." Plaintiff argues generally that this defense is bare bones and conclusory. Federal Rule of Civil Procedure 84, now abrogated, and the accompanying Form 30 in the Appendix to the Rules, explicitly provided for failure to state a claim upon which relief may be granted as an affirmative defense. *See Kimbrew v. Advoc. Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *1 (N.D. Ill. Dec. 8, 2010) (declining to strike on the grounds that "[the] first defense, however, follows the form set forth in the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. Form 30). However, Defendants' motion to dismiss has been denied, and this affirmative defense is properly omitted from the proposed amendments.

2. *Second Affirmative Defense*

"The FAC [Amended Complaint], and each claim purported to be alleged therein, is barred in whole or in part by the equitable doctrines of laches, unclean hands, and/or avoidable consequences."

5

The proposed First Affirmative Defense adds: " . . . given that Plaintiff never complained about the allegedly illegal conduct. This defense also applies to the claims of any and all of the putative collective and/or class members." As Plaintiff argues, this affirmative defense is futile since it is a misstatement of the law. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945) ("[No one] suggests that the right to the basic statutory minimum wage could be waived by any employee subject to the [FLSA]. No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."). The proposed First Affirmative Defense is futile.

3. *Third Affirmative Defense*

"At all times material hereto, the actions of HRNI [Defendants] were justified under the circumstances, and at all times material hereto, HRNI acted in a manner that was proper, reasonable, and lawful and in the exercise of good faith." The proposed Twelfth Affirmative Defense is identical. Plaintiff argues that Defendant fails to plead specifics with respect to a good faith defense to its wage claims. The Court agrees; this defense is devoid of any facts. *See Marchbanks v. Beelman River Terminals, Inc.*, No. 306-CV-720-DRH-CJP, 2007 WL 1266520, at *2 (S.D. Ill. Apr. 30, 2007). Accordingly, the proposed Twelfth Affirmative Defense is futile.

4. *Fourth Affirmative Defense*

> With respect to some or all of the claims alleged by Plaintiff on behalf of himself and/or on behalf of any putative collective or class members, any act(s) or omission(s) of HRNI that may be found to be in violation of the rights afforded under applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in compliance with applicable law.

The proposed Second affirmative defense is identical. As with the previous good faith defense, this affirmative defense is devoid of any facts or specifics and is futile.

6

5. *Fifth Affirmative Defense*

   Plaintiff's FAC and each cause of action set forth therein fails to allege a sufficient legal or factual basis to enable Plaintiff to recover any liquidated damages, penalties, attorney's fees, or pre-judgment or post-judgment interest from HRNI. This defense also applies to the claims of any and all of the putative collective and/or class members.

The proposed third affirmative defense changes the order of some of the clauses but contains the same basic information. It is a proper affirmative defense and will not be stricken.

6. *Sixth Affirmative Defense*

   Plaintiff is precluded from recovering any amounts from HRNI where HRNI has paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and all of its implementing regulations. This defense also applies to the claims of any and all of the putative collective and/or class members.

The proposed fourth affirmative defense adds "and Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq.*, and all of their implementing regulations." This defense is merely a statement of the law, that Plaintiff cannot recover if there are no payments to which he is legally entitled. It is unnecessary and therefore amendment is not permitted.

7. *Seventh and Eighth Affirmative Defenses*

   "Plaintiff is precluded from recovering any amounts from HRNI because Plaintiff was paid everything he was owed under applicable law," and "The FAC fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted." Plaintiff omitted these defenses from its proposed amendment.

8. *Ninth Affirmative Defense*

   "Plaintiff's claims are barred, in whole or in part, to the extent that the work he performed falls within exclusions, exceptions, or credits provided for under Applicable Law. This defense also

7

applies to the claims of any and all of the putative collective and/or class members." This defense was replaced with the proposed Fifth Affirmative Defense:

> Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities and/or otherwise excluded under the Act. This defense also applies to the claims of any and all of the putative collective and/or class members.

Plaintiff argues that Defendants do not include any facts in support of this affirmative defense. However, as Defendants argue in their motion to amend, this affirmative defense provides notice to Plaintiff about a defense to which Defendants bear the burden of proof and is permitted.

9. *Tenth Affirmative Defense*

"Plaintiff's claims are barred, in whole or in part, by the statutes of limitation provided under Applicable Law. This defense also applies to the claims of any and all of the putative collective and/or class members." The proposed Sixth Affirmative Defense is identical. This affirmative defense provides sufficient notice of an affirmative defense, Fed. R. Civ. P. 8(c), and is permitted.

10. *Eleventh Affirmative Defense*

"Plaintiff and other putative collective and/or class members are not entitled to recover liquidated damages because HRNI at all times acted in good faith and with reasonable grounds for believing it had not violated Applicable Law." The proposed Seventh Affirmative Defense is identical. This affirmative defense provides sufficient notice and will be permitted.

11. *Twelfth Affirmative Defense*

"If additional individuals other than Plaintiff should file a consent to join this action, HRNI reserves the right to assert any of the defenses set forth in this document as to each such individual." The proposed Eighth Affirmative Defense is identical. This affirmative defense is duplicative, since

8

each of the other affirmative defenses explicitly includes "putative collective and/or class members," and is therefore unnecessary.

12. *Thirteenth Affirmative Defense*

"Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, settlement, consent, release, and/or discharge. This defense also applies to the claims of any and all of the putative collective and/or class members." The proposed Ninth Affirmative Defense is identical. This affirmative defense provides sufficient notice of a defense under Rule 8(c) and will be permitted. Fed. R. Civ. P. 8(c)(1).

13. *Fourteenth Affirmative Defense*

"Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. This defense also applies to the claims of any and all of the putative collective and/or class members." The proposed Tenth Affirmative Defense is identical. Defendants argue that "[t]he factual basis for this defense is self-evident" because any violations of the law "were extremely minor in nature." This defense "is based on facts that have not yet been developed and discovery will reveal what, if anything in this matter, is potentially within its scope" so it is permitted. *Eastgate Invs. I, LLC v. MW Builders, Inc.*, No. 2:19-CV-304-JTM-JPK, 2020 WL 1887936, at *4 (N.D. Ind. Apr. 15, 2020)

14. *Fifteenth Affirmative Defense*

"HRNI asserts every defense available to it under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*." Plaintiff argues that this is an impermissible boilerplate catchall. The Court agrees that "every defense available to it" under the applicable statutes does not put Plaintiff on notice of the actual affirmative defense being asserted, and it was properly omitted from the proposed amendments.

9

*15. Sixteenth Affirmative Defense*

Plaintiff is precluded from recovering any amounts from HRNI where HRNI has paid Plaintiff all sums legally due under the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq.*, and all of its implementing regulations. This defense also applies to the claims of any and all of the putative collective and/or class members.

This affirmative defense was incorporated into the proposed sixth affirmative defense, and the argument is addressed above.

*16. Seventeenth Affirmative Defense*

"HRNI asserts every defense available to it under the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq.*" This defense is impermissible boilerplate and is properly omitted from the proposed amendments.

*17. Proposed Eleventh Affirmative Defense*

Plaintiff's claims are barred in whole or in part by the provision of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the alleged actions or omissions were not a violation of the FLSA.

As Defendants argue in their motion to amend, this affirmative defense provides notice to Plaintiff about a defense to which Defendants bear the burden of proof and will be permitted.

*18. Proposed Thirteenth Affirmative Defense*

"HRNI acted lawfully and properly by utilizing a tip pool for Table Games Dealers." It appears that this is merely an answer to Plaintiff's allegations rather than an affirmative defense requiring Defendants to meet a standard of proof and fails to state a claim. It is futile.

C.  <u>Allowed Amendments</u>

Accordingly, only Defendants' proposed third, fifth, sixth, seventh, ninth, tenth, and eleventh proposed affirmative defenses may be amended.

10

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses [DE 45] and **ORDERS** Defendants to file an Amended Answer and Affirmative Defenses that comports with this Order by **June 8, 2023**. Because the motion to amend is granted in part, the Court **DENIES as moot** the Motion to Strike Affirmative Defenses [DE 42].

SO ORDERED this 25th day of May, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record