UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FRANCISCO RODRIGUEZ, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:22-CV-198-PPS-JEM |
| THE MAJESTIC STAR CASINO, LLC, d/b/a Hard Rock Casino Northern Indiana, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court held a Fairness Hearing in this matter and a hearing on Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement [DE 95] and Petition for Approval of Attorneys' Fees in Class and FLSA Collective Action Settlement [DE 91] on June 17, 2025. [DE 96.] Plaintiff Francisco Rodriguez was present by counsel Robert F. Hunt and Robert J. Hunt. Defendants were present by counsel Marc C. Smith and Colin D. Dougherty.

The settlement in this matter encompassed claims brought as a collective action under the Fair Labor Standards Act ("FLSA") and brought as a Fed. R. Civ. P. 23 class action claims under the Indiana Wage Payment Statute ("IWPS"). The Parties presented argument regarding final approval of the settlement, including the number of class members who submitted FLSA opt-in claim forms, details regarding the payments that will be made to members of the collective action and the class action, and the amount of

1

attorneys' fees and costs sought by Plaintiff's counsel. Plaintiff's counsel moved for final approval of the Settlement Agreement. For the reasons set forth below, the Court **GRANTS** the Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement [DE 95], which was preliminarily approved on November 25, 2024 [DE 85], and **GRANTS** Plaintiff's Petition for Approval of Attorneys' Fees in Class and FLSA Collective Action Settlement [DE 91].

**FINAL APPROVAL OF THE PARTIES' FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION SETTLEMENT AGREEMENT IS GRANTED, AND THE COURT ISSUES THE FOLLOWING ORDERS:**

1. Any terms not defined herein shall have the meanings set forth in the Class Action and FLSA Collective Action Settlement Agreement. [*See* DE 84-1.]

2. A class of persons meeting the following definition is hereby finally approved and certified solely for the purpose of entering a final judgment in this matter:

> **The 1,380 individuals (including Plaintiff) identified in Exhibit A to the Settlement Agreement, each of whom both (i) was classified by Defendant as a table games dealer or dual rate employee and (ii) was an hourly paid employee during at least one week between July 1, 2020, and October 1, 2023.**

3. In its Preliminary Approval Order, the Court previously appointed Plaintiff Francisco Rodriguez as the Class Representative and appointed Robert J. Hunt and Robert F. Hunt of The Law Office of Robert J. Hunt, LLC as Class Counsel. [DE 85.]

4. Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Class Notice") was sent to each Class Member by first-class U.S. Mail. [DE 92-1.] The operative Class Notice informed

2

Class Members of the terms of the Settlement, their rights under the Settlement, their right to object to the Settlement, their right to receive a Settlement Share, their right to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

6. No Class Member has objected to the Settlement. Only one Class Member has excluded herself from the Settlement. [DE 95-1.]

7. FLSA collective action settlement agreements must be approved by the Court. 29 U.S.C. § 216(b)-(c); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

> Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

*Burkholder v. City of Ft. Wayne,* 750 F.Supp.2d 990, 995 (N.D. Ind. 2010) (citation omitted). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an

3

employer's overreaching." *Id*. (citation omitted). The following factors should be considered:

> (1) [T]he complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.* (citation omitted).

8. Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the court finds the settlement to be "fair, reasonable, and adequate[.]" Fed. R. Civ. P. 23(e)(2). The Seventh Circuit has characterized the court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

9. The Court finds and determines that the terms of the Settlement, including the method of determining the Settlement Shares to the Class Members, are fair, reasonable, and adequate to each Class Member. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement to be fair, reasonable, and adequate.

10. The Court further finds and determines that the Class Members who have not opted out will be bound by the Settlement and this Final Approval Order and Judgment, that the Settlement is ordered finally approved, and that all terms and

4

provisions of the Settlement should be and hereby are ordered to be consummated.

      11.     The Court hereby grants final approval to and orders the payment of the Total Settlement Amount of $650,000.00, and the payment of the Settlement Shares to be made to the Class Members participating in and bound by the Settlement out of the Net Settlement Amount in accordance with the Settlement.

      12.     The Court finds and determines that any and all Class Members who cash their Settlement Share checks will be deemed to have consented to join the collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and to have released any and all claims under the FLSA, the IWPS, and other state and local laws within the scope of the release set forth in Section 5 of the Settlement Agreement. However, a Collective Member who already consented to join the collective action pursuant to Section 16(b) of the FLSA and, thus, is already a Party to the Action will be deemed to have released any and all claims under the FLSA even if the Collective Member does not cash his or her Settlement Share check. As for the other Class Members who are not also Collective Members, even if such Class Member does not cash his or her Settlement Share check, he or she will be bound by the Settlement and be deemed to have released all claims to the maximum extent permitted by law, including but not limited to all claims under the IWPS and other state and local laws within the scope of the release set forth in Section 5 of the Settlement Agreement, unless he or she timely submitted a valid Election Not to Participate in Settlement.

      13.     Settlement Share checks will expire and become non-negotiable after 180 days of mailing by the Settlement Administrator.

14. The Court finds and determines that the fees and expenses incurred by Analytics Consulting, LLC in administering the Settlement, in the amount of $19,804.00, are fair and reasonable. The Court hereby issues final approval to and orders that the payment of approximately that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

15. In addition to any recovery that Plaintiff may receive from the Net Settlement Amount, and in recognition of the Plaintiff's efforts in prosecuting this matter on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to named Plaintiff Francisco Rodriguez in the amount of $15,000.00. This shall be paid from the Total Settlement Amount.

16. Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of $216,666.67, plus $0.00 in costs and expenses. This shall be paid from the Total Settlement Amount.

17. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

18. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to counsel for the Parties. Class Counsel, in turn, will file a notice with the Court confirming completion of the administration of the Settlement.

19. This Final Approval Order and the Settlement do not constitute a

concession and shall not be used as an admission by Defendant of unlawful activity, wrongdoing, liability, or damage, or an admission by Plaintiff that any of his claims were non-meritorious or any defense asserted by Defendant was meritorious. Neither this Final Approval Order nor the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant or any of the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Defendants or any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

20. The Parties are hereby ordered to comply with the terms of the Settlement.

21. The Parties shall bear his, her, its, or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

The Court enters final judgment in the Action in accordance with the Settlement and this Order, subject to the Court's retention of continuing jurisdiction over the Action and the Settlement including, without affecting the finality of this order in any way, jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement and all

post-Judgment matters as may be appropriate under court rules or applicable law.

SO ORDERED.

Entered: July 16, 2025.

                                             /s/Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT